ORIGINAL

1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:   415/674-8600
4  Facsimile:   415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6



FILED
JUL 1 3 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,

11         Plaintiff,

12 v.

13

14 DELANO RETAIL PARTNERS LLC, a
   California Limited Liability Company dba
15 DELANO'S IGA MARKET #1; and
   ARTHUR S. BECKER, Trustee of the
16 ARTHUR S. BECKER REVOCABLE
   LIVING TRUST,
17
           Defendants.
18

19

20

21

22

23

24

25

26

27

28

|  |
|---|
| **C V   1 0   3 0 7 3   BZ** |
| **CASE NO.** |
| **Civil Rights** |

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**

**1ˢᵗ CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)

**2ⁿᵈ CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3

**3ʳᵈ CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*

**4ᵗʰ CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)

**DEMAND FOR JURY**

1  Plaintiff CRAIG YATES, an individual, complains of defendants DELANO RETAIL
2  PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1;
3  and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING
4  TRUST and alleges as follows:

5  **INTRODUCTION:**

6  1.  This is a civil rights action for discrimination against persons with physical
7  disabilities, of which class plaintiff CRAIG YATES and the disability community are members,
8  for failure to remove architectural barriers structural in nature at defendants' DELANO'S IGA #1
9  (hereinafter referred to as "DELANO'S MARKET, DELANO'S or MARKET"), a place of
10  public accommodation, thereby discriminatorily denying plaintiff and the class of other similarly
11  situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity
12  to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.
13  Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disabilities Act of
14  1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California
15  Health & Safety Code §19955, *et seq.*

16  2.  Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17  August 18, 2009, March 27, 2010, May 6, 2010, May 16, 1010 and June 6, 2010, was an invitee,
18  guest, patron, customer at defendants' DELANO'S MARKET, in the City of San Francisco,
19  California. At said times and place, defendants failed to provide proper legal access to the
20  MARKET, which is a "public accommodation" and/or a "public facility" including, but not
21  limited to signage, parking and door pressure. The denial of access was in violation of both
22  federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his
23  civil rights to full and equal access, and was embarrassed and humiliated.

24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2        3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C.
3   §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
4   Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
5   nucleus of operative facts and arising out of the same transactions, are also brought under parallel
6   California law, whose goals are closely tied with the ADA, including but not limited to violations
7   of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*
8   *seq.*, including §19959; Title 24 California Building Standards Code.

9        4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is
10   founded on the facts that the real property which is the subject of this action is located at/near
11   6333 Geary Boulevard, in the City and County of San Francisco, State of California, and that
12   plaintiff's causes of action arose in this county.

13  **PARTIES:**

14        5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically
15   disabled person", and a "person with physical disabilities" (hereinafter the terms "physically
16   disabled", "physically handicapped" and "person with physical disabilities" are used
17   interchangeably, as these words have similar or identical common usage and legal meaning, but
18   the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
19   handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other
20   statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
21   CRAIG YATES is a "person with physical disabilities", as defined by all applicable California
22   and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a
23   wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that
24   portion of the public whose rights are protected by the provisions of Health & Safety Code
25   §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped
26   Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the
27   Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.
28   §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1    6.    Defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability

2  Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the

3  ARTHUR S. BECKER REVOCABLE LIVING TRUST (hereinafter alternatively collectively

4  referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the

5  owners, lessors and/or lessees, of the public accommodation known as DELANO'S IGA

6  MARKET, located at/near 6333 Geary Boulevard, San Francisco, California, or of the building

7  and/or buildings which constitute said public accommodation.

8    7.    At all times relevant to this complaint, defendants DELANO RETAIL

9  PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1;

10 and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING

11 TRUST, own and operate in joint venture the subject MARKET as a public accommodation.

12 This business is open to the general public and conducts business therein. The business is a

13 "public accommodation" or "public facility" subject to the requirements of California Civil Code

14 §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C.

15 §12101, *et seq.*

16    8.    At all times relevant to this complaint, defendants DELANO RETAIL

17 PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1;

18 and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING

19 TRUST are jointly and severally responsible to identify and remove architectural barriers at the

20 subject MARKET pursuant to Code of Federal Regulations title 28, section 36.201(b), which

21 states in pertinent part:

22        **§ 36.201    General**

23            (b) *Landlord and tenant responsibilities.* Both the landlord
            who owns the building that houses a place of public
24        accommodation and the tenant who owns or operates the place of
            public accommodation are public accommodations subject to the
25        requirements of this part. As between the parties, allocation of
            responsibility for complying with the obligations of this part may
26        be determined by lease or other contract.

27        28 CFR §36.201(b)

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

**PRELIMINARY FACTUAL ALLEGATIONS:**

1    9.     The DELANO'S IGA MARKET, is a grocery store, located at/near 6333 Geary

2

3 Boulevard, San Francisco, California. The MARKET, its signage, parking, door pressure, and its

4 other facilities are each a "place of public accommodation or facility" subject to the barrier

5 removal requirements of the Americans with Disabilities Act. On information and belief, each

6 such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions,"

7 each of which has subjected the MARKET and each of its facilities, its signage, parking and door

8 pressure to disability access requirements per the Americans with Disabilities Act Accessibility

9 Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10    10.     On or about December of 1999, defendants' and each of them purchased and/or

11 took possessory control of the premises now known as DELANO'S MARKET. At all times

12 prior thereto, defendants' and each of them were aware of their obligation prior to the close of

13 escrow, or upon taking possessory interest that public accommodations had a duty to identify and

14 remove architectural barriers and were aware that DELANO'S MARKET was not accessible to

15 the disabled. Nevertheless, defendants' and each of them, operated MARKET as though it was

16 accessible.

17    11.     At all times stated herein, defendants' and each of them with the knowledge that

18 each of them had a continuing obligation to identify and remove architectural barriers where it

19 was readily achievable to do so, failed to adopt a transition plan to provide better and/or

20 compliant access to the subject accommodation.

21    12.     At all times referred to herein and continuing to the present time, defendants, and

22 each of them, advertised, publicized and held out the DELANO'S MARKET as being

23 handicapped accessible and handicapped usable.

24    13.     On or about August 18, 2009, March 27, 2010, May 6, 2010, May 16, 1010 and

25 June 6, 2010, plaintiff CRAIG YATES was an invitee and guest at the subject DELANO'S

26 MARKET, for purposes of grocery shopping.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

14.     On or about August 18, 2009, plaintiff CRAIG YATES drove his van into the parking lot of DELANO'S MARKET.  Plaintiff CRAIG YATES encountered a parking lot which did not have parking signage for the disabled, any parking stalls designated for the disabled,  the requisite number of parking stalls for the disabled, an accessible turn style/gate entry system, signage for accessible passage to the accessible men's and women's restroom or compliant door pressure for the men's restroom.

15.     On or about March 27, 2010, May 6, 2010, May 16, 1010 and June 6, 2010, plaintiff CRAIG YATES encountered all of the same barriers as on August 18, 2009.  However, as of March 27, 2010, plaintiff CRAIG YATES was aware of how a wheelchair user could gain access to the restrooms.

16.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject DELANO'S MARKET which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.    lack of directional signage to show accessible routes of travel, i.e. path(s) to the restrooms;

        b.    lack of the requisite type and number of disabled parking stall(s);

        c.    lack of disabled van accessible parking stall(s);

        d.    lack of handicapped accessible parking signage;

        e.    lack of tow-a-way signage;

        f.    lack of an accessible interior entrance; and

        g.    On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

---

17.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18. On or about May 11, 2010, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action to remove architectural barriers and requesting a written response upon receipt of his letter, promising to immediately remove the barriers and providing a date when that would be accomplished. Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.

19. As a legal result of defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

20. As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities.

21. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

22. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

23.     Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, because defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST maintained a supermarket without access for persons with physical disabilities to its facilities, including but not limited to signage, parking, door pressure, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

24.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

25.     Plaintiff, as described hereinbelow, seeks injunctive relief to require DELANO'S to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the grocery store as a public facility.

26.     Plaintiff seeks damages for violation of their civil rights on August 18, 2009, March 27, 2010, May 6, 2010, May 16, 1010 and June 6, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

///

1    27.    On information and belief, defendants have been negligent in their affirmative duty
2  to identify the architectural barriers complained of herein and negligent in the removal of some or
3  all of said barriers.

4    28.    Because of defendants' violations, plaintiff and other persons with physical
5  disabilities are unable to use public facilities such as those owned and operated by defendants on a
6  "full and equal" basis unless such facility is in compliance with the provisions of the Americans
7  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and
8  other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling
9  defendants to make the DELANO'S MARKET accessible to persons with disabilities.

10    29.    On information and belief, defendants have intentionally undertaken to modify and
11  alter existing building(s), and have failed to make them comply with accessibility requirements
12  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each
13  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
14  and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried
15  out by defendants, and each of them, with a willful and conscious disregard for the rights and
16  safety of plaintiff and other similarly situated persons, and justify a trebling of damages as
17  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
18  defendants, and each of them, to other operators and landlords of other grocery stores,
19  supermarkets, markets, convenient stores and other public facilities, and to punish defendants and
20  to carry out the purposes of  the Civil Code §§ 51, 51.5 and 54.

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1        30.     Plaintiff is informed and believes and therefore alleges that defendants

2 DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S

3 IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER

4 REVOCABLE LIVING TRUST, and each of them, caused the subject building(s) which

5 constitute the DELANO'S MARKET to be constructed, altered and maintained in such a manner

6 that persons with physical disabilities were denied full and equal access to, within and throughout

7 said building(s) of the MARKET and were denied full and equal use of said public facilities.

8 Furthermore, on information and belief, defendants have continued to maintain and operate said

9 MARKET and/or its building(s) in such conditions up to the present time, despite actual and

10 constructive notice to such defendants that the configuration of the subject grocery store and/or its

11 building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

12 CRAIG YATES, and other members of the disability community. Such construction,

13 modification, ownership, operation, maintenance and practices of such public facilities are in

14 violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

15 U.S.C. §12101, *et seq.*

16        31.     On personal knowledge, information and belief, the basis of defendants' actual and

17 constructive notice that the physical configuration of the facilities including, but not limited to,

18 architectural barriers constituting the supermarket and/or building(s) was in violation of the civil

19 rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,

20 communications with invitees and guests, plaintiff CRAIG YATES himself, sponsors of

21 conferences for the grocery industry, grocery stores, supermarkets and businesses, notices they

22 obtained from governmental agencies upon modification, improvement, or substantial repair of

23 the subject premises and other properties owned by these defendants, newspaper articles and trade

24 publications regarding the Americans with Disabilities Act of 1990 and other access laws, public

25 service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and

26 other similar information. Defendants' failure, under state and federal law, to make DELANO'S

27 accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and

28 other similarly situated persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Despite being informed of such effect on plaintiff and other persons with physical disabilities due

2  to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused

3  to take any steps to rectify the situation and to provide full and equal access for plaintiff and other

4  persons with physical disabilities to the subject grocery store. Said defendants, and each of them,

5  have continued such practices, in conscious disregard for the rights of plaintiff and other persons

6  with physical disabilities, up to the date of filing of this complaint, and continuing thereon.

7  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue

8  of the demand letter addressed to the defendants and served concurrently with the summons and

9  complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other

10  persons with physical disabilities, constitutes despicable conduct in conscious disregard of the

11  rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of

12  treble damages per Civil Code §§52 and 54.3.

13      32.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

14  disabilities, would, could and will return to the subject public accommodation when it is made

15  accessible to persons with disabilities.

16  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
   **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
17  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
   (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO
18  RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA
   MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER
19  REVOCABLE LIVING TRUST, inclusive)
   (42 U.S.C. §12101, *et seq.*)
20

21      33.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

22  the allegations contained in paragraphs 1 through 32 of this complaint.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    34.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2  §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3  protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

10    35.    Congress stated as its purpose in passing the Americans with Disabilities Act of

11  1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

37.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

38.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

> (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
>
> (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;
>
> (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

1
2

        (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

3
4
5

        (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

6 The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

7 Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

8 January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

9 §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

10       39.    The removal of the barriers complained of by plaintiff as hereinabove alleged were

11 at all times after January 26, 1992 "readily achievable" as to the subject building(s) of

12 DELANO'S MARKET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and

13 belief, if the removal of all the barriers complained of herein together was not "readily

14 achievable," the removal of each individual barrier complained of herein was "readily

15 achievable." On information and belief, defendants' failure to remove said barriers was likewise

16 due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

17 (b)(2)(A)(i)and (ii).

18       40.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

19 accomplishable and able to be carried out without much difficulty or expense." The statute

20 defines relative "expense" in part in relation to the total financial resources of the entities

21 involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

22 plaintiff complains of herein were and are "readily achievable" by the defendants under the

23 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

24 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

25 make the required services available through alternative methods which were readily achievable.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    41.    On information and belief, construction work on, and modifications of, the subject
2  building(s) of DELANO'S MARKET occurred after the compliance date for the Americans with
3  Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
4  the ADA.

5    42.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
6  seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
7  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis
8  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about
9  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or
10  making use of the public facilities complained of herein so long as the premises and defendants'
11  policies bar full and equal use by persons with physical disabilities.

12    43.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
13  disability to engage in a futile gesture if such person has actual notice that a person or
14  organization covered by this title does not intend to comply with its provisions." Pursuant to this
15  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
16  June 6, 2010, but on information and belief, alleges that defendants have continued to violate the
17  law and deny the rights of plaintiff and of other persons with physical disabilities to access this
18  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of
19  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such
20  facilities readily accessible to and usable by individuals with disabilities to the extent required by
21  this title."

22    44.    Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights
23  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement
24  the Americans with Disabilities Act of 1990, including but not limited to an order granting
25  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being
26  deemed to be the prevailing party.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

**II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

45.   Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46.   At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

47.   California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

48.   California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    49.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

2   whose rights have been infringed upon and violated by the defendants, and each of them, as

3   prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants

4   knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

5   Code §§54 and 54.1. Plaintiff has been and continue to be denied full and equal access to

6   defendants' DELANO'S MARKET. As a legal result, plaintiff is entitled to seek damages

7   pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for

8   each day on which he visited or have been deterred from visiting DELANO'S because of his

9   knowledge and belief that the subject grocery store is inaccessible to persons with disabilities.

10   California Civil Code §54.3(a) provides:

11           Any person or persons, firm or corporation, who denies or interferes
             with admittance to or enjoyment of the public facilities as specified
12           in Sections 54 and 54.1 or otherwise interferes with the rights of an
             individual with a disability under Sections 54, 54.1 and 54.2 is
13           liable for each offense for the actual damages and any amount as
             may be determined by a jury, or the court sitting without a jury, up
14           to a maximum of three times the amount of actual damages but in
             no case less than . . .one thousand dollars ($1,000) and . . .
15           attorney's fees as may be determined by the court in addition
             thereto, suffered by any person denied any of the rights provided in
16           Sections 54, 54.1 and 54.2.

17           Civil Code §54.3(a)

18   50.    On or about August 18, 2009, March 27, 2010, May 6, 2010, May 16, 1010 and

19   June 6, 2010, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that

20   plaintiff CRAIG YATES was denied access to signage, parking, door pressure and other public

21   facilities as stated herein at DELANO'S MARKET and on the basis that plaintiff CRAIG YATES

22   was a person with physical disabilities.

23   51.    As a result of the denial of equal access to defendants' facilities due to the acts and

24   omissions of defendants, and each of them, in owning, operating and maintaining these subject

25   public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

26   rights under Civil Code §§54, 54.1 and 54.3.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1     52.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
2 anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
3 and worry, all of which are expectedly and naturally associated with a denial of access to a person
4 with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
5 omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a
6 person or an entity that represents persons with physical disabilities and unable, because of the
7 architectural barriers created and maintained by the defendants in violation of the subject laws, to
8 use the public facilities hereinabove described on a full and equal basis as other persons.

9     53.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and
10 seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights
11 as a person or an entity that represents persons with physical disabilities on or about August 18,
12 2009, March 27, 2010, May 6, 2010, May 16, 1010 and June 6, 2010, and on a continuing basis
13 since then, including statutory damages, a trebling of all of actual damages, general and special
14 damages available pursuant to §54.3 of the Civil Code according to proof.

15     54.    As a result of defendants', and each of their, acts and omissions in this regard,
16 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce
17 plaintiff's rights and enforce the provisions of the law protecting access for persons with physical
18 disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
19 the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all
20 reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
21 plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to
22 compel the defendants to make their facilities accessible to all members of the public with
23 disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
24 the provisions of §1021.5 of the Code of Civil Procedure.

25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

**III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive)
(Health & Safety Code §19955, *et seq.*)

55. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 54 of this complaint.

56. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

57. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date. On information and belief, portions of the DELANO'S MARKET and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the MARKET and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said MARKET and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

///
///
///
///

1    58.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4 Regulations and these regulations must be complied with as to any alterations and/or
5 modifications of DELANO'S MARKET and/or the building(s) occurring after that date.
6 Construction changes occurring prior to this date but after July 1, 1970 triggered access
7 requirements pursuant to the "ASA" requirements, the American Standards Association
8 Specifications, A117.1-1961. On information and belief, at the time of the construction and
9 modification of said building, all buildings and facilities covered were required to conform to
10 each of the standards and specifications described in the American Standards Association
11 Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    59.    Grocery stores, supermarkets and convenient stores such as the DELANO'S
13 MARKET are "public accommodations or facilities" within the meaning of Health & Safety Code
14 §19955, *et seq*.

15    60.    As a result of the actions and failure to act of defendants, and as a result of the
16 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied
17 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil
18 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public
19 facilities.

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   61.   Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

2   plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

3   civil rights and enforce provisions of the law protecting access for the persons with physical

4   disabilities and prohibiting discrimination against the persons with physical disabilities, and to

5   take such action both in plaintiff's own interests and in order to enforce an important right

6   affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

7   reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

8   §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

9   and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

10  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

11  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

12  62.   Plaintiff seeks injunctive relief for an order compelling defendants, and each of

13  them, to make the subject place of public accommodation readily accessible to and usable by

14  persons with disabilities.

15  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
       EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

16  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
       SEO.* (THE UNRUH CIVIL RIGHTS ACT)**

17  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO
       RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA

18  MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER
       REVOCABLE LIVING TRUST, inclusive)

19  (Civil Code §51, 51.5)

20  63.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

21  the allegations contained in paragraphs 1 through 62 of this complaint.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1      64.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4  Unruh Act provides:

5                  This section shall be known, and may be cited, as the Unruh
         Civil Rights Act.

6

7                  All persons within the jurisdiction of this state are free and
         equal, and no matter what their sex, race, color, religion, ancestry,
         national origin, or **disability** are entitled to the full and equal

8           accommodations, advantages, facilities, privileges, or services in all
         business establishments of every kind whatsoever.

9

10                  This section shall not be construed to confer any right or
         privilege on a person that is conditioned or limited by law or that is
         applicable alike to persons of every sex, color, race, religion,

11           ancestry, national origin, or **disability.**

12                  Nothing in this section shall be construed to require any
         construction, alteration, repair, structural or otherwise, or

13           modification of any sort whatsoever, beyond that construction,
         alteration, repair, or modification that is otherwise required by other

14           provisions of law, to any new or existing establishment, facility,
         building, improvement, or any other structure . . . nor shall anything

15           in this section be construed to augment, restrict, or alter in any way
         the authority of the State Architect to require construction,

16           alteration, repair, or modifications that the State Architect otherwise
         possesses pursuant to other . . . laws.

17

18                  A violation of the right of any individual under the
         Americans with Disabilities Act of 1990 (Public Law 101-336) shall
         also constitute a violation of this section.

19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

65.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

66.     Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §33, *et seq.*, as if repled herein.

67.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his  rights as a person with physical disabilities to full and equal access to public facilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    68.    Further, plaintiff CRAIG YATES suffered mental distress, mental

2 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

3 disappointment and worry, all of which are expectedly and naturally associated with a denial of

4 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

5 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

6 basis that plaintiff is a person or an entity that represents persons with physical disabilities and

7 unable, because of the architectural barriers created and maintained by the defendants in violation

8 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

9 other persons.

10    69.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

11 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

12 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

13 allowed by statute, according to proof if deemed to be the prevailing party.

14 **PRAYER:**

15    Plaintiff prays that this court award damages and provide relief as follows:

16 **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
   PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

17 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
   (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO

18 RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA
   MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER

19 REVOCABLE LIVING TRUST, inclusive)
   (42 U.S.C. §12101, *et seq.*)

20

21    1.    For injunctive relief, compelling defendants DELANO RETAIL PARTNERS LLC,

22 a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S.

23 BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive, to

24 make the DELANO'S MARKET, located at 6333 Geary Boulevard, San Francisco, California,

25 readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and

26 to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to

27 afford full access to the goods, services, facilities, privileges, advantages and accommodations

28 being offered.

1    2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

2  prevailing party; and

3    3.    For such other and further relief as the court may deem proper.

4  **II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
     **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
5    **AND 54.3, *ET SEQ.***
     (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO
6    RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA
     MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER
7    REVOCABLE LIVING TRUST, inclusive)
     (California Civil Code §§54, 54.1, 54.3, *et seq.*)
8

9    1.    For injunctive relief, compelling defendants DELANO RETAIL PARTNERS LLC,

10  a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S.

11  BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive, to

12  make the DELANO'S MARKET, located at 6333 Geary Boulevard, California, readily accessible

13  to and usable by individuals with disabilities, per state law.

14    2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

15  each occasion on which plaintiff was deterred from returning to the subject public

16  accommodation.

17    3.    Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

18  if plaintiffs are deemed the prevailing party;

19    4.    Treble damages pursuant to Civil Code §54.3;

20    5.    General damages according to proof;

21    6.    For all costs of suit;

22    7.    Prejudgment interest pursuant to Civil Code §3291; and

23    8.    Such other and further relief as the court may deem just and proper.

24  ///

25  ///

26  ///

27  ///

28  ///

**III. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive)
(Health & Safety code §19955, *et seq.*)

1.  For injunctive relief, compelling defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive, to make the DELANO'S MARKET, located at 6333 Geary Boulevard, California, readily accessible to and usable by individuals with disabilities, per state law.

2.  For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

3.  For all costs of suit;

4.  For prejudgment interest pursuant to Civil Code §3291;

5.  Such other and further relief as the court may deem just and proper.

**IV. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants DELANO RETAIL PARTNERS LLC, a California Limited Liability Company dba DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.  All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.  Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.  General damages according to proof;

4.  Treble damages pursuant to Civil Code §52(a);

///

1    5.    For all costs of suit;

2    6.    Prejudgment interest pursuant to Civil Code §3291; and

3    7.    Such other and further relief as the court may deem just and proper.

4

5    Dated: _____6/18/10_____, 2010        THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*
6

7

8                                          By: _____
                                               THOMAS E. FRANKOVICH
9                                              Attorneys for Plaintiff CRAIG YATES, an individual

10

11                              **DEMAND FOR JURY TRIAL**

12   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

13

14

15   Dated: _____6/18/10_____, 2010        THOMAS E. FRANKOVICH,
                                            *A PROFESSIONAL LAW CORPORATION*
16

17                                         By: _____
18                                             THOMAS E. FRANKOVICH
                                               Attorneys for Plaintiff CRAIG YATES, an individual
19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Recycled   Stock # R DOA-10-B

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Manager
DeLano's Market
6333 Geary Boulevard
San Francisco, CA 94121

Dear Manager of DeLano's Market:

Recently, I visited DeLano's Market. I go into the city weekly and often take Geary up to 19th Ave./Presidio and over to the Golden Gate. So on occasions, I stop in. There are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with no place to park a van. Then when I needed to use your accessible men's restroom the sign said "use the stairs." I found out there was an elevator. What you need is some signage for chair users like me.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. I think they have specific information for grocery stores. Just ask. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Owner of the Building
DeLano's Market
6333 Geary Boulevard
San Francisco, CA 94121

Dear Owner of Building for DeLano's Market:

Recently, I visited DeLano's Market. I go into the city weekly and often take Geary up to 19th Ave./Presidio and over to the Golden Gate. So on occasions, I stop in. There are a few problems that need your immediate attention. You see, I use a wheelchair. Wheelchair users like me (as I did) have a problem with no place to park a van. Then when I needed to use your accessible men's restroom the sign said "use the stairs." I found out there was an elevator. What you need is some signage for chair users like me.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

You need to learn what needs to be done and do it now. So to help you, please call Pacific ADA and IT Center in Oakland at 1-800-949-4232, and ask them to send you all the information they have on access. I think they have specific information for grocery stores. Just ask. Remember, wheelchair users have an old saying: "Access delayed is Access denied!" You understand, right? Anyway, please write me when you get this letter, tell me exactly what will be done and make me a promise that you will take care of this right away. Give me a date. If you are not the one in charge or don't have the responsibility to do it, would you make sure this letter goes to the person in charge or who can make decisions on what to do. Thanks!

Sincerely,

Craig Yates